**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| GEORGE GRIGSBY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-158 (EGS) |
| | ) | |
| JUDGE MARY THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Pending before the Court is petitioner's *pro se* petition for writ of habeas corpus. Petitioner appears to challenge the decision of Judge Mary Maxwell Thomas of the Circuit Court of Cook County, Illinois to place him in a mental health institution without a grand jury indictment. Petitioner also appears to be challenging the fact that his confinement based on his insanity plea has exceeded five years without a grand jury indictment. Finally, petitioner asks the Court to transfer him to a hospital in Washington, D.C.

The proper respondent in habeas corpus cases challenging present physical confinement is petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 438-39 (2004). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see*

*also McLaren v. United States*, 2 F. Supp. 2d 48, 50 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated). The custodian in this case if petitioner is in fact in state custody is the head of the mental health center in Illinois where petitioner is being held. From all indications, the head of Chester Mental Health Center is not within this Court's territorial jurisdiction and the Court therefore appears to lack jurisdiction to entertain the petition.

In *Chatman-Bey v. Thorburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988), the D.C. Circuit held that the district court may *sua sponte* transfer such cases to the appropriate jurisdiction after the habeas petitioner has been afforded notice and an opportunity to respond. Accordingly, it is hereby

**ORDERED** that petitioner shall show cause by **May 31, 2007** why this case should not be transferred to the United States District Court for the Northern District of Illinois; and it is

**FURTHER ORDERED** that petitioner's failure to respond to this Order will result in transfer of the case.

**Signed:**   **Emmet G. Sullivan**
**United States District Judge**
**April 30, 2007**